**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Myrna de Jesus, | No. CV-22-00532-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| UnitedHealth Group, | |
| Defendant. | |

Pending before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Cost (Doc. 6). Upon review, Plaintiff's Application, signed under penalty of perjury, indicates that she is financially unable to pay the filing fee. The Court will grant Plaintiff's Application and allow him to proceed *in forma pauperis* ("IFP"). Pursuant to 28 U.S.C. § 1915(e)(2), the Court will proceed to screen Plaintiff's Complaint (Doc. 1).

**I.      Legal Standard**

When a party has been granted IFP status, the Court must review the complaint to determine whether the action:

    (i)      is frivolous or malicious;

    (ii)     fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915(e)(2)(B).[1]   In conducting this review, "section 1915(e) not only

---

[1]  "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*,

permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted).

Federal Rule of Civil Procedure 8(a) requires complaints to make "a short and plain statement of the claim showing that the pleader is entitled to relief." While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id.* at 557.

The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). That rule does not apply, however, to legal conclusions. *Iqbal*, 556 U.S. at 678. The Court is mindful that it must "construe pro se filings liberally when

§1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners." *Long v. Maricopa Cmty. College Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints[.]"); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.") (citation omitted). Therefore, section 1915 applies to this non-prisoner IFP complaint.

[2] "Although the *Iqbal* Court was addressing pleading standards in the context of a Rule 12(b)(6) motion, the Court finds that those standards also apply in the initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A since *Iqbal* discusses the general pleading standards of Rule 8, which apply in all civil actions." *McLemore v. Dennis Dillon Automotive Group, Inc.*, 2013 WL 97767, at *2 n. 1 (D. Idaho Jan. 8, 2013).

1  evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014)

2  (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

3  **II.   Discussion**

4       Plaintiff alleges that she was hired to work for Defendant United Health Group.

5  (Doc. 1 at 1).  She alleges that Defendant falsely claimed she "screamed loudly and cursed

6  at everyone inside the hospital for no reason" and that Defendant terminated her

7  employment.  (*Id.* at 4).  The Court infers two causes action; defamation, and breach of

8  contract.  (*Id.*) ("Defendant defamed Plaintiff; defendant recklessly slandered plaintiff . . .

9  . Defendant made the following breaches . . . .).

10      To bring a claim for defamation, a plaintiff must show the defendant published a

11  false and defamatory communication and that the defendant "(a) knows that the statement

12  is false and it defames the other, (b) acts in reckless disregard of these matters, or (c) acts

13  negligently in failing to ascertain them." *Rowland v. Union Hills Country Club*, 757 P.2d

14  105, 110 (Ariz. Ct. App. 1988) (citation omitted).  To be published, a communication must

15  be made to a third party.  *Dube v. Likins*, 167 P.3d 93, 104 (Ariz. Ct. App. 2007).  The

16  Court can reasonably infer from Plaintiff's Complaint that she alleges Defendant recklessly

17  made a false statement about her.   However, the Court cannot determine whether or how

18  Defendants published this statement to a someone besides Plaintiff or Defendant.  While

19  Plaintiff may have received the statement, it is uncertain whether anyone else besides

20  Defendant did.  Therefore, the Court will dismiss Plaintiff's defamation claim.

21      To bring a claim for breach of contract, a plaintiff must show the existence of a

22  contract, the breach of that contract, and subsequent damages.  *First Am. Title Ins. Co. v.*

23  *Johnson Bank*, 372 P.3d 292, 297 (Ariz. 2016).  Although Plaintiff makes shows she has

24  been harmed, through her termination, she does not show what specific contractual

25  agreement has been breached.  Therefore, the Court will dismiss Plaintiff's breach of

26  contract claim.

27  **III.  Leave to Amend**

28      Because the Court has dismissed both of Plaintiff's Claims, it will dismiss the

1    Complaint and grant leave for Plaintiff to file a first amended complaint within **thirty (30)**
2    **days** from the date of entry of this Order.  *See* Fed. R. Civ. P. 15(a)(2) (stating that leave
3    to amend should be "freely" given "when justice so requires").

4           If Plaintiff files another complaint, she must clearly designate on the face of the
5    document that it is the "First Amended Complaint."  Plaintiff should tell her case's story
6    in a short and plain manner then state each claim or cause of action a separate count,
7    alleging facts that that satisfy all of the elements of the claims she is brining.  For example,
8    she must allege the fact that the defamatory statements were published to a third party and
9    specifying the existence of a contract whose particular terms prohibit Defendant's actions.

10          Plaintiff's amended complaint should follow the form detailed in Rule 7.1 of the
11   Local Rules of Civil Procedure ("LRCiv"). Examples of different types of complaints
12   demonstrating the proper form can be found in the appendix of forms that is contained with
13   the Federal Rules of Civil Procedure (forms 11–21).[3]  This amended complaint must be
14   retyped or rewritten in its entirety and may not incorporate any part of the original
15   Complaint by reference.  It must also clearly state the grounds for this Court's jurisdiction,
16   either by bringing a federal cause of action or by showing how the Court may exercise its
17   diversity jurisdiction.  *See* Fed. R. Civ. P. 8(a)(1).

18          The Court recommends Plaintiff review the information available in the District
19   Court's Handbook for Self-Represented Litigants, which is available online.[4]  Plaintiff
20   should also be aware that "an amended complaint supersedes the original complaint and
21   renders it without legal effect[.]"  *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir.
22   2012) (en banc).  Thus, after amendment, the Court will treat an original complaint as
23   nonexistent.  *Id.* at 925.

24   / / /

25   _____
26   [3] Those forms as well as the Federal Rules of Civil Procedure and the Local Rules, as well
     as other information for individuals filing without an attorney may be found on the District
27   Court's internet web page at www.azd.uscourts.gov/.

28   [4] The Handbook may be found at http://www.azd.uscourts.gov/handbook-self-represented-
     litigants.

1    **I.      Warning**

2          Plaintiff is advised that if she elects to file an amended complaint but fails to comply

3    with the Court's instructions explained in this Order, the action will be dismissed pursuant

4    to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure.

5    *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with

6    prejudice of amended complaint that did not comply with Rule 8(a)).  If Plaintiff fails to

7    prosecute this action, or if she fails to comply with the rules or any court order, the Court

8    may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil

9    Procedure.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*,

10   46 F.3d 52, 54 (9th Cir. 1995).

11         Accordingly,

12         **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District

13   Court Without Prepaying Fees or Costs (Doc. 6) is **GRANTED**.

14         **IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is dismissed with

15   leave to file a First Amended Complaint within **thirty (30) days** of the date this Order is

16   entered.

17         **IT IS FURTHER ORDERED** that if Plaintiff does not file a First Amended

18   Complaint within **thirty (30) days** of the date this Order is entered, the Clerk of Court shall

19   dismiss this action without further order of this Court; and

20         **IT IS FINALLY ORDERED** that if Plaintiff elects to file a First Amended

21   Complaint, it may not be served until and unless the Court issues an Order screening the

22   amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

23         Dated this 5th day of May, 2022.

24

25

26                                              _____
                                                Honorable Diane J. Humetewa
27                                              United States District Judge

28