**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Myrna de Jesus, | No. CV-22-00532-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| UnitedHealth Group, | |
| Defendant. | |

This matter arises pursuant to Plaintiff having filed a First Amended Complaint ("FAC") (Doc. 8) and the Court's prior Order (Doc. 7) stating that the FAC may not be served before the Court screens the FAC pursuant to 28 U.S.C.§ 1915(e)(2).

**I.      Background**

As alleged in the FAC, Plaintiff was hired by Defendant in 2020. (Doc. 8 at ¶ 2). In March 2021, three individuals made "defamatory and false statements" to her supervisor. (*Id.* at ¶ 13). Specifically, they told her supervisor that Plaintiff had screamed profanity in the presence of hospital patients. (*Id.*) Plaintiff was then terminated "without" being able to share "the entire story." (*Id.* at ¶¶ 12, 16). Plaintiff was able to appeal her termination, where she "explained in detail" why the termination was unjust. (*Id.* at ¶ 22). The appeal was denied. (*Id.* at ¶ 23). Plaintiff pursued arbitration between her and Defendant. (*Id.* at ¶ 25). Defendant then filed a motion to dismiss, which the arbitrator granted. (*Id.* at ¶¶ 31–32). Plaintiff argues that the arbitration dismissal was improper and only "a pretext" that only served to satisfy Defendant's "duty to the arbitration agreement

. . . ." (*Id.* at ¶ 33).

Plaintiff brings several claims. The first is for defamation. She alleges that Defendant published the false allegations against her to several third parties, such as the "Arizona Department of Economic Services, prospective employers, her co-workers, and her alma mater schools . . . ." (*Id.* at 8). Second, she alleges Defendants breached various duties alleged to be owed to Plaintiff under the broad claim of breach of contract. (*Id.* at 19–22).

## II.   Legal Standard

The Court must review the FAC to determine whether the action:

(i)   is frivolous or malicious;

(ii)  fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915(e)(2)(B).[1]  In conducting this review, "section 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted).

Federal Rule of Civil Procedure 8(a) requires complaints to make "a short and plain statement of the claim showing that the pleader is entitled to relief." While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2]  "Threadbare recitals of the elements of a cause of action, supported by mere

---

[1] "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, §1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners." *Long v. Maricopa Cmty. College Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints[.]"); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.") (citation omitted). Therefore, section 1915 applies to this non-prisoner IFP complaint.

[2] "Although the *Iqbal* Court was addressing pleading standards in the context of a Rule 12(b)(6) motion, the Court finds that those standards also apply in the initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A since *Iqbal* discusses the general pleading standards of Rule 8, which apply in all civil actions." *McLemore v. Dennis Dillon Automotive Group, Inc.*, 2013 WL 97767, at *2 n. 1 (D. Idaho Jan. 8, 2013).

1  conclusory statements, do not suffice." *Id.*  A complaint "must contain sufficient factual
2  matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting
3  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when
4  the plaintiff pleads factual content that allows the court to draw the reasonable inference
5  that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at
6  556).  A complaint that provides "labels and conclusions" or "a formulaic recitation of the
7  elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor will a complaint
8  suffice if it presents nothing more than "naked assertions" without "further factual
9  enhancement." *Id*. at 557.

10  The Court must accept all well-pleaded factual allegations as true and interpret the
11  facts in the light most favorable to the plaintiff.  *Shwarz v. United States*, 234 F.3d 428,
12  435 (9th Cir. 2000).  That rule does not apply, however, to legal conclusions. *Iqbal*, 556
13  U.S. at 678.  The Court is mindful that it must "construe pro se filings liberally when
14  evaluating them under *Iqbal.*"  *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014)
15  (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir.  2010)).

16  **III.   Discussion**

17        **a.  Plaintiff's Defamation Claim**

18  The Court begins with Plaintiff's defamation claim.  As noted in the Court's prior
19  Order, a defamation claim requires that a plaintiff show the defendant published a false and
20  defamatory communication and that the defendant "(a) knows that the statement is false
21  and it defames the other, (b) acts in reckless disregard of these matters, or (c) acts
22  negligently in failing to ascertain them." *Rowland v. Union Hills Country Club*, 757 P.2d
23  105, 110 (Ariz. Ct. App. 1988) (citation omitted).  To be published, a communication must
24  be made to a third party.  *Dube v. Likins*, 167 P.3d 93, 104 (Ariz. Ct. App. 2007).  Here,
25  the Court finds that Plaintiff has adequately plead a claim for defamation. She alleges that
26  Defendant published harmful statements to third parties while failing to ascertain their
27  falsehood or truthfulness.  (Doc. 8 at 16–19).
28  / / /

### b. Plaintiff's Breach of Contract Claim

Plaintiff brings many claims under the heading of breach of contract. The claim of a breach of contract is a single claim that requires a plaintiff show the existence of a contract, the breach of that contract, and subsequent damages. *First Am. Title Ins. Co. v. Johnson Bank*, 372 P.3d 292, 297 (Ariz. 2016). Previously, the Court dismissed the breach of contract claim because Plaintiff did not show "what specific contractual agreement has been breached." Plaintiff's FAC fails to state a contract claim for the same reason. Although she asserts that there is a contract, she does not allege what specific part of that contract has been breached. (Doc. 8 at 19). Therefore, the Court will dismiss the breach of contract claim.

### c. Plaintiff's Other Claims

The FAC makes other claims, under its breach of contract heading, which are properly considered claims on their own.

First, Plaintiff brings claims for wrongful termination based on racial discrimination under both federal and state law. (Doc. 8 at 19, 22). However, the FAC does not plead sufficient facts showing racial discrimination. Plaintiff alleges that the discrimination is evident because her supervisor said, "They don't like you. They don't want to see you. And they don't want you to be in their property." (*Id.* at 20). But nothing in this shows discrimination based on race. Plaintiff's "naked assertions" of racial discrimination are unsupported by "further factual enhancement," and so the Court will dismiss claims that allege racial discrimination. *Twombly*, 550 U.S. at 555.

Second, the FAC brings a claim related to the termination of her benefits. (Doc. 8 at 20–21). Under 29 U.S.C. § 1132 participants in employee welfare benefit plans may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan . . . ." 29 U.S.C. § 1132(a)(1)(B). Plaintiff alleges that "Defendant's unjustifiable immediate termination of Plaintiff caused her to lose" her benefits. (*Id.* at 20). However, similar to her claim for breach of contract, Plaintiff fails to identify what specific

right under her employee benefit plan has been breached.  Therefore, the Court will dismiss this claim.

Third, Plaintiff brings a claim of intentional infliction of emotional distress.  (Doc. 8 at 21) (citing Restatement (Second) of Torts § 46)).  She alleges that when Defendant released confidential records to a third party without her consent, she suffered emotional harm.  (*Id.*)  To bring such a claim in Arizona requires that a defendant engage in "extreme and outrageous conduct" that is intended "to cause emotional distress or recklessly disregard the near certainty that such distress will result" and that "sever emotional distress" actually occur.  *Christakis v. Deitsch*, 478 P.3d 241, 245 (Ariz. Ct. App. 2020) (cleaned up).  The sort of severe distress "must completely violate human dignity" and "strike to the very core of one's being, threatening to shatter the frame upon which one's emotional fabric is hung."  *Pankratz v. Willis*, 744 P.2d 1182, 1189 (Ariz. Ct. App. 1987).  (cleaned up).  Besides claiming emotional damage, the FAC makes no allegations showing that such severe damage has been inflicted.  This amounts to a claim that the Defendant unlawfully harmed Plaintiff, which does not suffice to state a claim.  *Iqbal*, 556 U.S. at 678.  Therefore, the Court will dismiss the claim for intentional infliction of emotional distress.

Finally, the Court addresses the claim for false light invasion of privacy.  (Doc. 8 at 22).  Under Arizona law, an action for false light invasion of privacy "protects against the conduct of knowingly or recklessly publishing false information or innuendo that a reasonable person would find highly offensive."  *Christakis v. Deitsch*, 250 Ariz. 246, 249, 478 P.3d 241, 244 (Ct. App. 2020) (cleaned up).  Importantly, "publication must be to the public at large, or to so many persons that the matter must be regarded substantially certain to become one of public knowledge."  *Id.* (cleaned up).  Here, the FAC alleges that Plaintiff's manager permitted "a third party to listen to their discussion . . . ." (Doc. 8 at 22).  This single third party cannot constitute the public at large or to so many persons that Plaintiff's discussion with her manager is the subject of public knowledge.  Therefore, the Court will dismiss Plaintiff's false light invasion of privacy claim.

**IV.    Conclusion**

The Court will dismiss the FAC's claims, except for its defamation claim. Plaintiff may serve her First Amended Complaint on Defendant, and the Court will order that Plaintiff also serve Defendant with a copy of this Order. Nothing in this Order will preclude Defendant's right to bring its own motion to dismiss.

Accordingly,

**IT IS ORDERED** that Plaintiff may serve her First Amended Complaint on Defendant. Plaintiff shall also serve Defendant with a copy of this Order.

Dated this 9th day of June, 2022.

Honorable Diane J. Humetewa
United States District Judge