**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Myrna de Jesus,<br><br>          Plaintiff,<br><br>v.<br><br>UnitedHealth Group,<br><br>          Defendant. | No. CV-22-00532-PHX-DJH<br><br>**ORDER** |

There are four motions pending before the Court that concern the enforceability of an arbitration award issued against Plaintiff Myrna de Jesus ("Plaintiff"). First is a "Motion to Dismiss"[1] (Doc. 11) filed by Defendant UnitedHealth Group doing business as Optum360 Services Incorporated ("Defendant"). Therein, Defendant includes its Petition for Confirmation of Arbitration Award ("Petition to Confirm Award") (*Id*). Second is Plaintiff's "Motion for Leave" (Doc. 25) to refile her previously stricken Supplemental Response as a sur-reply to the Motion to Dismiss.[2] Third is Plaintiff's "Motion for Trial De Novo"[3] (Doc. 15). Fourth is Plaintiff's Motion to Vacate Arbitration Award ("Motion to Vacate Award")[4] (Doc. 17). All matters are fully briefed.

---

[1] Plaintiff filed a Response (Doc. 16) and Defendant filed a Reply (Doc. 18). Plaintiff had filed a Supplemental Response (Doc. 21) but the Court struck it from the record (*See* Doc. 28).

[2] Defendant filed a Response (Doc. 29).

[3] Defendant filed a Response (Doc. 19) and Plaintiff filed a Reply (Doc. 23).

[4] Defendant filed a Response (Doc. 20) and Plaintiff filed a Reply (Doc. 23).

On August 30, 2022, the Court stayed the present action in light of these pending motions. (*See generally* Doc. 28). For the following reasons, the Court grants Defendant's Motion to Dismiss and Petition for Confirmation of Arbitration Award, and denies Plaintiff's Motion for Leave to File Her Sur-reply, Motion for Trial De Novo, and Motion to Vacate Arbitration Award.

**I.   Background**

This action concerns an employment dispute stemming from Defendant's termination of Plaintiff. Defendant is a healthcare and insurance company that hired Plaintiff in April 2020 to work as a Patient Coordinator. (Doc. 8 at 4, ¶¶ 1–2). Defendant assigned Plaintiff to work at non-party Dignity Health St. Joseph's Hospital and Medical Center ("Dignity Health"). (*Id.*)

Pursuant to her offer letter and as a condition of her employment (Doc. 11-1 at 25), Plaintiff electronically executed Defendant's Arbitration Policy (the "Arbitration Agreement" or "Agreement") (*Id.* at 31–37) when she was onboarded. Relevant in part, the Agreement provides:

> The Federal Arbitration Act (9 U.S.C. § 1 et seq.) shall govern this Policy. All disputes covered by the Policy shall be decided by an arbitrator through arbitration, and not by way of the court or jury trial.
>
> [] SCOPE OF POLICY
>
> . . . .
>
> [Defendant] and [Plaintiff] mutually consent to the resolution by arbitration of all the claims and controversies, past, present, or future, that [Plaintiff] may have against [Defendant] or [Defendant] may have against [Plaintiff], which arise out of or relate to [Plaintiff's] employment, application and selection for employment, and/or termination of employment.
>
> . . . .
>
> Subject to the specific exclusions below, the claims covered by the Policy include, but are not limited to: claims for unfair competition and violation of trade secrets; claims incidental to the employment relationship but arising after that relationship ends (for example, claims arising out of or related to post-termination defamation or job references and claims arising

out of or related to post-employment retaliation); claims derived from or that are dependent on the employment relationship; claims are derivative of or inextricably intertwined with any claims of the employee; claims for wages or other compensation due (including but not limited to, minimum wage, overtime, meal and rest breaks, waiting time penalties, vacation pay and pay on separation); claims for breach of any contract or covenant (express or implied); tort claims; common law claims; equitable claims; claims for discrimination and harassment; retaliation claims; and claims for violation of any federal, state or other governmental law, statute, regulation, or ordinance . . . .

. . .

[] ARBITRATION RULES AND PROCEDURES

The Arbitration will be administered by the American Arbitration Association ("AAA") and except as provided in this Policy, shall be in accordance with the then-current Employment Arbitration Rules of the AAA ("AAA Rules"). The AAA Rules are Available via the Internet at www.adr.org/employment[.]

(*Id.* at 31–32). It also states that arbitration awards "shall be final and binding upon all parties to the arbitration." (*Id.* at 32).

### A. Plaintiff's dispute

On March 1, 2021, Defendant received a request from Dignity Health to terminate Plaintiff.[5] (Doc. 8 at 11, ¶ 16, 13, ¶ 23). Dignity Health employees complained to Plaintiff's Director alleging Plaintiff "screamed profanities" at them while "in the presence of patients and other hospital personnel at the Heart/Lung/Thoracic Unit." (*Id*. at 9, ¶ 12). Defendant terminated Plaintiff based on these allegations. (*Id*. at 10–11, ¶¶ 15–16). In her termination meeting on March 2, 2021, Plaintiff claims her Director said "Dignity Health made a request. [Defendant's] HR has no choice but to terminate your employment. They don't want to see you! And they don't want you to be in [sic] their property! You can appeal your termination." (*Id*. at 11, ¶ 16)

Plaintiff filed an Internal Dispute Resolution ("IDR") appeal of her termination

---

[5] Plaintiff also filed suit against Dignity Health Corporation. *See de Jesus v. Dignity Health Corporation*, No. CV-21-00926-PHX-DWL (D. Ariz).

- 3 -

with Defendant's HR department on March 16, 2021 (*Id*. at 12, ¶ 19), which was denied. (*Id*. at 13, ¶ 23). Under the Arbitration Agreement, Plaintiff submitted a demand for arbitration (Doc. 11-1 at 39–45) as her last administrative remedy to appeal her termination. (Doc. 8 at 14, ¶¶ 24–25).

### B. Arbitration Proceedings and Award

Plaintiff filed her original Arbitration Demand and Complaint on June 10, 2021, with the AAA. (Doc. 11-1 at 39–45). Her action was filed under Case No. 01-21-0004-6662 (the "Previous Arbitration") and arbitration was conducted by Arbitrator John Balitis (the "Arbitrator"). (Doc. 8 at 14, ¶ 25–26). In accordance with the deadlines of the Initial Arbitration Management Conference Order, Plaintiff filed an Amended Demand and Complaint on December 5, 2021. (Doc. 11-1 at 47–55). Therein, Plaintiff alleged claims for wrongful termination, defamation of character, and willful breach of privacy. (*Id*. at 52–53). Plaintiff moved for leave to file a Second Amended Demand and Complaint (Doc. 18-3), which the Arbitrator denied. (*Id*. at 57–60).

On January 14, 2022, Defendant submitted a Motion to Dismiss Plaintiff's Amended Demand and Complaint for failure to state a claim upon which relief can be granted. (Docs. 8 at 15, ¶ 31; 11-1 at 62). On March 23, 2022, the Arbitrator issued an order (the "Arbitration Award" or "Award") (Doc. 11-1 at 62–68) that granted Defendant's motion and:

(1) dismissed all of Plaintiff's claim with prejudice;
(2) ordered $2,950.00 in AAA administrative fees;
(3) ordered $9,037.50 as compensation to the Arbitrator;
(4) ordered the parties to bear their own respective attorneys' fees and other related costs; and
(5) ordered full settlement of all claims.

(*Id*. at 68).

On June 1, 2022, Plaintiff filed her Amended Complaint ("FAC") (Doc. 8) and sought relief from this Court for (1) defamation; (2) breach of contract; (3) wrongful termination based on discrimination; (4) wrongful termination of benefits; (5) intentional

- 4 -

infliction of emotional distress; and (6) false light invasion of privacy. (Doc. 9 at 4–5). Upon screening the FAC pursuant to 28 U.S.C.§ 1915(e)(2), the Court dismissed the FAC's latter five claims. (*Id*. at 6). The only claim remaining before the Court is Plaintiff's claim for defamation. (*Id*. at 3, 6).

**II.     Discussion**

To address these pending motions, the Court must consider the nature of the Arbitration Agreement, Previous Arbitration, and Arbitration Award. The parties agree that this matter is governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) ("FAA"). (Docs. 19 at 2, n.1; Doc. 11-1 at 31). Defendant's Motion to Dismiss primarily focuses on the validity of the Arbitration Agreement. Defendant argues Plaintiff's defamation claim should be dismissed because it is subject to the Agreement and was already decided in the Previous Arbitration. Defendant's accompanying petition seeks an order enforcing the Arbitration Award pursuant to 9 U.S.C. § 9. Plaintiff argues the Agreement is unenforceable and so the Award should be vacated. As a procedural matter, Plaintiff seeks leave to file a sur-reply to the Motion to Dismiss to expand on her arguments.

Plaintiff's Motions for Trial De Novo and to Vacate Award contest the validity of the Previous Arbitration and resulting Award. In her Motion for Trial De Novo, Plaintiff argues the Previous Arbitration "constitutes corruption, unfairness, fraud, and obvious partiality" and she is aggrieved by the Award. (Doc. 15 at 2). Thus, she seeks a Trial De Novo pursuant to 9 U.S.C. § 10. In her Motion to Vacate Award, Plaintiff makes the same arguments and seeks vacation of the Arbitration Award. (Doc. 17 at 3–5). Defendants represent that judicial review is improper under the FAA because Plaintiff's attempt to vacate the Award is untimely or, in the alternative, Plaintiff does not show any of the limited circumstances under 9 U.S.C. § 10 apply to warrant vacatur.

The Court will first consider the Plaintiff's Motion for Leave to address the procedural matters concerning Defendant's Motion to Dismiss. The Court will then consider the merits of the Motion to Dismiss to determine whether the Arbitration Agreement can be enforced to bar Plaintiff's defamation claim. Last, the Court will

consider Defendant's Petition to Confirm Award with Plaintiff's Motions for Trial De Novo and to Vacate Award together to determine whether the Arbitration Award is valid.

### A.   Motion for Leave

Plaintiff requests leave to refile her previously stricken Supplemental Response as a sur-reply to Defendant's Motion to Dismiss. *See supra* at n.1. Neither the Federal Rules of Civil Procedure nor the District's Local Rules entitle a party to a sur-reply as a matter of right. *See* LRCiv 7.2. Indeed, "sur-replies are highly disfavored and permitted only in extraordinary circumstances." *Finley v. Maricopa Cty. Sheriff's Office*, 2016 WL 777700, *1 n.1 (D. Ariz. Feb. 29, 2016). The Court may use its discretion in allowing a sur-reply "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Fitzhugh v. Miller*, 2020 WL 1640495, *9 (D. Ariz. Apr. 2, 2020) (citing *Hill v. England*, 2005 WL 3031136, *1 (E.D. Cal. Nov. 8, 2005)).

The arguments that Plaintiff seeks to assert through a sur-reply are identical to those in her previously stricken Supplemental Response. The Court already found those arguments to be "unnecessary." (Doc. 28 at 1). Moreover, Plaintiff has had ample opportunities to set forth her intended arguments in her Motions for Trial De Novo and to Vacate Award. Thus, the Court will deny Plaintiff's Motion for Leave to file a sur-reply.

### B.   Motion to Dismiss – Validity of the Arbitration Agreement

In its Motion to Dismiss, Defendant requests that this Court (1) dismiss Plaintiff's defamation claim with prejudice pursuant to the Arbitration Agreement; and (2) confirm the Arbitration Award. Plaintiff argues her claim is not subject to dismissal because she signed the Agreement electronically, it is one-sided, and is fraudulent under the Federal Statutes of Fraud 18 U.S.C. § 1001(a)(1).

#### 1.   12(b)(6) Standards

Though not explicitly stated, the Court construes the Motion to Dismiss as a Federal Rules of Civil Procedure 12(b)(6) motion for failure to state a claim because Plaintiff's defamation claim is barred by the Arbitration Agreement and has indeed been arbitrated. *See e.g.*, *Leal v. Chapman Chevrolet, L.L.C.*, 2007 WL 1576001, at *2–3 (D. Ariz. May

30, 2007). If Plaintiff's claim is arbitrable, the district court "will never reach the merits of the parties' controversy. Rather, [the district court's] jurisdiction is limited to compelling arbitration, *see* 9 U.S.C. § 4, and reviewing any future arbitration award, *see* 9 U.S.C. §§ 9-12." *Id*. (citations in original)

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint. *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). Complaints must contain a "short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556) (internal quotation marks and citation omitted).

Dismissal of a complaint for failure to state a claim can be based on either the "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id.* at 557. In reviewing a motion to dismiss, courts will "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But courts are not required "to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

### 2. Elements of a Valid Contract

Defendant argues the Arbitration Agreement constitutes a valid contract that bars

Plaintiff's defamation claim. "The enforceability of Arbitration Agreement is governed by the [FAA], which provides that such an agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Shelby v. Brookdale Senior Living, Inc.*, 2022 WL 1657245 (9th Cir. May 25, 2022) (quoting 9 U.S.C. § 2). Arizona state law applies to determine these identified issues. *Dr.'s Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996).

Plaintiff argues the Arbitration Agreement is invalid because she signed it electronically. But "a signature, contract, or other record relating to such transaction may not be denied legal effect, validity, or enforceability solely because it is in electronic form[.]" 15 U.S.C. § 7001(a)(1). Defendant represents that Plaintiff accepted the Agreement as a condition to Defendant's offer of employment and both parties mutually agreed to arbitrate disputes. (Doc. 11 at 4). The Court agrees with Defendant and finds the Agreement constitutes a valid contract between the parties. *See Muchesko v. Muchesko*, 955 P.2d 21, 24 (Ariz. Ct. App. 1997) (explaining under Arizona law, "the essential elements of a valid contract are an offer, acceptance, consideration, a sufficiently specific statement of the parties' obligations, and mutual assent").

### 3. Defenses of Procedural Unconscionability, Fraud, and Duress

Plaintiff next argues the Arbitration Agreement is unenforceable because it is "one-sided" and "crafted by Defendant solely." (Doc. 16 at 10). The Court construes Plaintiff's reasoning as an argument for procedural unconscionability because the Agreement is a contract of adhesion.[6] The Arizona Supreme Court has recognized two types of contractual unconscionabilities: procedural and substantive. *Nickerson v. Green Valley Rec., Inc.*, 265 P.3d 1108, 1117 (Ariz. Ct. App. 2011). Whether a contract is unconscionable is a question of law. *See Clark v. Renaissance W., LLC*, 307 P.3d 77, 79 (Ariz. Ct. App. 2013). The Ninth Circuit acknowledged that, "under Arizona law[,] plaintiffs 'have a high bar to meet

---

[6] A contract of adhesion is "typically a standardized form offered . . . [on] a take it or leave it basis without affording [] a realistic opportunity to bargain and under such conditions that the consumer cannot obtain the desired product or services except by acquiescing in the form contract." *Wernett v. Serv. Phoenix, LLC*, No. CIV09-168-TUC-CKJ, 2009 WL 1955612 (D. Ariz. July 6, 2009) (quoting *Broemmer*, 840 P.2d at 1015 (internal quotations omitted)).

in demonstrating that an arbitration agreement is unconscionable.'" *Shelby*, 2022 WL 1657245, at \*3 (quoting *also Longnecker v. Am. Express Co.*, 23 F. Supp. 3d 1099, 1108 (D. Ariz. 2014)).

Adhesive contracts are not *per se* unconscionable under Arizona law. *Broemmer v. Abortion Servs. of Phoenix, Ltd.*, 840 P.2d 1013, 1016 (Ariz. 1992). "A contract of adhesion is only unenforceable if it does not fall within the reasonable expectations of the weaker party and if the contract is unconscionable." *Longnecker*, 23 F. Supp. 3d at 1109 (internal citations omitted). Procedural unconscionability "is concerned with 'unfair surprise,' fine print clauses, mistakes or ignorance of important facts or other things that mean bargaining did not proceed as it should." *Nickerson*, 265 P.3d at 1118 (quoting *Maxwell v. Fidelity Fin. Servs.*, 907 P.2d 51, 51–8 (Ariz. 1995).

Plaintiff claims the Agreement is unconscionable because prior to her employment, "Defendant did not offer any option but forced her to electronically sign the contract, or ultimately, Defendant will not offer her the job." (Doc. 16 at 10). She further argues the Agreement was "enforced to Plaintiff without her complete understanding."

These reasons do not "meet the high bar of procedural unconscionability, which 'bears a strong resemblance to its common-law cousins of fraud and duress.'" *Shelby*, 2022 WL 1657245, at \*3 (quoting *Maxwell*, 907 P.2d at 58)). Plaintiff does not explain how she was was "forced" to sign the contract. In signing the agreement, Plaintiff affirmed that both her and Defendant "understand and agree that . . . [the parties] give up their respective rights to a court or jury trial" and "agree[] to arbitrate claims covered" by the Agreement. (Doc. 11-1 at 36). Plaintiff has failed to "establish a colorable claim that [Defendant's] policy of arbitration for employment-related disputes constitutes unfair surprise, is oppressive, or that [Defendant] attempted to hide its arbitration policy from Plaintiffs." *Coup v. Scottsdale Plaza Resort, Ltd. Liab. Co.*, 823 F. Supp. 2d 931, 949 (D. Ariz. 2011) (denying plaintiff's claim for procedural unconscionability). Construing the facts in the light most favorable to Plaintiff, as it must under Rule 12(b)(6), the Court finds that Plaintiff's procedural unconscionability defense fails.

Plaintiff also claims that "Defendant deceptively induced Plaintiff with duress" and "acted fraudulently" in executing the Agreement. These allegations, without more, are conclusory and insufficient to support such a finding. Plaintiff pleads facts that are merely consistent with a showing of Defendant's liability, which "stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678. Although Plaintiff states she would not have been offered the job if she refused to sign the Agreement, that is the typical function of a condition to employment. Plaintiff was free to find employment elsewhere. As discussed, Plaintiff provides no evidence that Defendant "forced" her to sign the Agreement by means of fraud or duress. Thus, Plaintiff's Statute of Frauds defense fails as "labels and conclusions" of fraud and duress supported by "naked assertions" without "further factual enhancement[,]" and will not do. *Twombly*, 550 U.S. at 555, 57.

In sum, Plaintiff does not allege sufficient facts under the contact defense theories for procedural unconscionability, fraud, or duress that would render the Arbitration Agreement void. *See Balistreri*, 901 F.2d at 699.

**4. Scope of the Arbitration Agreement**

Having found the Arbitration Agreement is valid and enforceable, the Court must now consider whether Plaintiff's defamation claim falls within its scope. Claims that are covered by the Agreement include all claims "which arise out of or relate to employee's employment, application and selection for employment and/or termination of employment[,]" "claims incidental to the employment relationship but arising after that relationship ends (for example . . . claims arising out of or related to post-termination defamation[,]" and "claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance[.]'" (Doc. 11-1 at 31). Based on this language, the Court finds Plaintiff's defamation claim is subject to the Agreement because it directly relates to her termination of employment with Defendant. (Doc. 11 at 4).

Accordingly, the Court cannot consider the merits of Plaintiff's defamation claim because it is barred by the Arbitration Agreement. *Leal*, 2007 WL 1576001, at *2–3. The

Court will therefore dismiss Plaintiff's Amended Complaint with prejudice.

### C. Petition to Confirm Award, Motion for Trial, and Motion to Vacate Award – Validity of the Arbitration Award

Although Plaintiff's defamation claim is barred, the parties also contest the validity of the March 23, 2022, Award resulting from the Previous Arbitration. On July 6, 2022, Defendant timely petitioned this Court to confirm the Arbitration Award and dismiss Plaintiff's Amended Complaint with prejudice pursuant to 9 U.S.C. § 9.[7] On July 11, 2022, and July 15, 2022, respectively, Plaintiff filed her Motion for Trial De Novo and Motion to Vacate the Arbitration Award pursuant to 9 U.S.C. § 10. The FAA provides this Court jurisdiction to review arbitration awards. 9 U.S.C. §§ 9–12. Therefore, the Court will proceed to consider these motions to determine the merits of the Arbitration Award.

#### 1. Statute of Limitations

At the outset, Defendant argues Plaintiff's efforts to vacate the Award are untimely because the 9 U.S.C. § 9 required her to file a motion by June 23, 2022, and she did not do so until July 2022. (Docs. 18 at 2; 20 at 2). The FAA indeed requires "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. However, the Ninth Circuit has ruled that the FAA is subject to the doctrine of equitable tolling. *Move, Inc. v. Citigroup Glob. Mkts.*, 840 F.3d 1152, 1157–58 (9th Cir. 2016). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Redlin v. United States*, 921 F.3d 1133 (9th Cir. 2019) (quoting *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012)).

Plaintiff contends her efforts are timely because she intended to challenge the Arbitration Award upon filing her initial Complaint (Doc. 1) on April 1, 2022. (Doc. 23 at

---

[7] Section 9 of the FAA provides that "any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected[.]" 9 U.S.C. § 9.

- 11 -

4). The Court also recognizes that in her June 1, 2022, FAC, Plaintiff stated sufficient allegations under the FAA standard for vacatur that put Defendant on notice of her intentions to challenge the Arbitration Award. (*Compare* Doc. 8 at 16, ¶ 33) ("Plaintiff deems the Arbitrator's dismissal as being arbitrary, corrupt, biased, prejudicial, and a clear gross miscarriage of justice.") *with* 9 U.S.C. § 10 (a district court may vacate an award "where the award was procured by corruption[;] . . . where there was evident partiality or corruption in the arbitrators[;] . . . where the arbitrators were guilty . . . of any misbehavior by which the rights of any party have been prejudiced; or where the arbitrators exceeded their powers"). Given that both of these filings are well within the FAA's June 23, 2022, deadline, the Court finds that Plaintiff has been pursuing her rights diligently. Moreover, allowing Plaintiff to proceed with her Motions for Trial De Novo and to Vacate Award would not prejudice Defendant. *Accord Move, Inc.*, 840 F.3d at 1158 (tolling plaintiff's claim under the FAA even though the parties did not address the substantive requirements of equitable tolling because plaintiff "acted with due diligence in pursuing its claim" and "tolling would not prejudice [the defendant] under the circumstances").

Thus, the Court concludes that Plaintiff is entitled to equitable tolling under the FAA and will consider the merits of her July 11, 2022, Motion for Trial De Novo and July 15, 2022, Motion to Vacate the Arbitration Award.

### 2. Merits of the Arbitration Award

Plaintiff argues the Arbitration Award should be vacated pursuant to 9 U.S.C. § 10 because (1) the Award was procured by corruption and partiality; (2) the Award was procured by fraud; (3) the Arbitrator exhibited partiality; and (4) the Arbitrator exceeded his powers. (Docs. 15 at 2–3; 17 at 4).[8] Defendant contends Plaintiff has failed to meet her heavy burden under 9 U.S.C. § 10(a)(1)–(4). The Court will discuss each of Plaintiff's arguments in turn.

---

[8] Plaintiff raises similar arguments for vacatur in her Response to Defendant's Motion to Dismiss. (Doc. 16 at 11–17). There, Plaintiff cites to non-binding authorities from the Fourth, Eighth, and Eleventh Circuits. Plaintiff fails to cite any Ninth Circuit authorities. Thus, for the purpose of this Order, the Court will primarily focus on Plaintiff's arguments for vacatur made in her Motion for Trial De Novo and Motion to Vacate Award (Docs. 15 at 2–3; 17 at 4) in accordance with Ninth Circuit case law.

### i. Standards for Review of Arbitration Awards

Under the FAA, a party to an arbitration may apply to a federal district court for an order confirming the arbitration award. 9 U.S.C. § 9. A court "must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA]." *Id.*; *See Stafford v. Baart Behavioral Health Servs.*, 855 F. App'x 426, 427 (9th Cir. 2021) (granting an arbitration award because there were no grounds for vacatur).

The FAA authorizes a district court to vacate an arbitration award in the following limited circumstances: "[1] where the award was procured by corruption, fraud, or undue means; [2] where there was evidence of partiality or corruption in the arbitrators; [3] where the arbitrators were guilty of misconduct or misbehavior; or [4] where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." *Stafford*, 855 F. App'x at 427 (citing 9 U.S.C. § 10(a)(1)–(4)) (internal quotations omitted). "The burden of establishing grounds for vacating an arbitration award is on the party seeking it." *U.S. Life Ins. Co. v. Superior Nat. Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award." *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009).

A district court's review of an arbitration award is "both limited and highly deferential." *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009); *Kyocera Corp. v. Prudential–Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003) (en banc) ("The Federal Arbitration Act, 9 U.S.C. §§ 1–16, enumerates limited grounds on which a federal court may vacate, modify, or correct an arbitral award."). Nonetheless, the Ninth Circuit has held that "[a]lthough an arbitrator has great freedom in determining an award, he may not dispense his own brand of industrial justice." *Garvey v. Roberts*, 203 F.3d 580, 588–89 (9th Cir. 2000) (quoting *Pac. Motor Trucking Co. v. Auto. Machinists Union*, 702 F.2d 176, 177 (9th Cir. 1983)).

/ / /

/ / /

### ii. Whether an Award is Procured by Corruption and Partiality

Plaintiff first argues the Award is biased and should be vacated under 9 U.S.C. § 10(a)(1) because Defendant paid the Arbitrator for his services. (Doc. 15 at 2). Plaintiff makes this assertion without providing any supporting authorities. To the contrary, this compensation arrangement is in accordance with AAA policies that are referenced in the Arbitration Agreement. (Doc. 11-1 at 32–33). For example, the AAA's policy for costs of employment arbitrations provides, "[t]he employer or company pays the arbitrator's compensation unless the employee or individual, post dispute, voluntarily elects to pay a portion of the arbitrator's compensation." American Arbitration Association, *Employment Arbitration under AAA Administration - Costs*, www.adr.org/employment (last visited Jan. 18, 2006).

Moreover, Plaintiff misconstrues how the Arbitrator was compensated. While the Defendant provided the funds for the Arbitrator's compensation, the AAA Rules state that "any arrangement for the compensation of a neutral arbitrator shall be made through the AAA and not directly between the parties and the arbitrator. Payment of the arbitrator's fees and expenses shall be made by the AAA from the fees and moneys collected by the AAA for this purpose." American Arbitration Association, *Employment Arbitration Rules and Mediation Procedures*, 25 https://www.adr.org/sites/default/files/EmploymentRules-Web.pdf (last visited Jan. 18, 2006). Plaintiff concedes the Previous Arbitration followed these policies as she provided an email exhibit detailing how the AAA, rather than Defendant, arranged compensation for the Arbitrator. (Doc. 15 at 7).

Plaintiff was certainly on notice of these policies and procedures as both are located on the webpage that is directly referenced in the Arbitration Agreement. (Doc. 11-1 at 32–33) (citing the AAA Rules and www.adr.org/employment). Furthermore, the presumable purpose of these policies is to uphold the neutrality and integrity of the arbitration proceedings carried out by the AAA. American Arbitration Association, *Employment Arbitration under AAA Administration*, www.adr.org/employment (last visited Jan. 18,

2006) ("The AAA's policy on employment [alternative dispute resolution] is guided by the state of existing law, as well as its obligation to act in an impartial manner. In following the law, and in the interest of providing an appropriate forum for the resolution of workplace disputes, the Association administers employer plans which meet the due process standards as outlined in its Employment Arbitration Rules and Mediation Procedures and the Due Process Protocol."). The Court therefore rejects Plaintiff argument that the Award was procured by corruption and partiality because of the Arbitrator's means of compensation.

### iii. Whether an Award is Procured by Fraud

Plaintiff also argues the Previous Arbitration was based on fraud under 9 U.S.C. § 10(a)(1) because she was not properly informed of the nature and procedures of arbitration. "[I]n order to protect the finality of arbitration decisions, courts must be slow to vacate an arbitral award on the ground of fraud." *Dogherra v. Safeway Stores*, 679 F.2d 1293, 1297 (9th Cir. 1982). To vacate an arbitral award, a plaintiff must meet the same requirements at common law and "show that the fraud was (1) not discoverable upon the exercise of due diligence prior to the arbitration, (2) materially related to an issue in the arbitration, and (3) established by clear and convincing evidence." *Lafarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1339 (9th Cir. 1986). However, the FAA modifies the common law test by requiring "a greater level of improper conduct[.]"*Pac. & Arctic Ry. & Navigation Co.*, 952 F.2d at 1148.

Here, Plaintiff alleges she was "deceived" by Defendant's HR Senior Case Manager after being informed "the arbitration is an informal process and her knowledge of any Federal or State laws are unnecessary and unimportant." (Doc. 15 at 2). Plaintiff further claims she was "deceived" by the Arbitrator after he informed her that she is "not legal" and "can amend her complaint in an informal writing." (*Id*. at 2–3).

Plaintiff has not provided sufficient evidence to establish fraud by clear and convincing evidence. First, as pointed out by Defendant, the attached exhibit to prove the HR Senior Case Manager's allegedly fraudulent statement does not actually refer to the

- 15 -

statement. (*Id*. at 9–10). Second, Plaintiff does not provide any form of evidence to substantiate the allegedly fraudulent statement made by the Arbitrator. And even if Plaintiff was allegedly prejudiced by the Arbitrator's statement as to her initial amendment, she also filed an Amended Demand and Complaint that the Arbitrator considered. These circumstances are far from sufficient to exhibit the "extremely high degree of improper conduct" required to establish fraud under the FAA. *Pac. & Arctic Ry. & Navigation Co.*, 952 F.2d at 1148.

### iii. Whether an Arbitrator Exhibits Partiality

Plaintiff next alleges the Arbitrator exhibited partiality under 9 U.S.C. § 10(a)(2) when he "refused to follow the Management Scheduling Order, ignored her exhibits, and utterly disregarded all the applicable laws" cited by Plaintiff. (Doc. 15 at 2–3). Plaintiff further argues the Arbitrator "simply parroted" the Defendant's arguments and reasoning when issuing the Award. (Doc. 23 at 8).

"To show 'evident partiality' in an arbitrator, [Plaintiff] either must establish specific facts indicating actual bias toward or against a party or show that [the Arbitrator] failed to disclose to the parties information that creates '[a] reasonable impression of bias.'" *A. Miner Contracting, Inc. v. Dana Kepner Co.*, 696 F. App'x 234, 235 (9th Cir. 2017) (quoting *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 646 (9th Cir. 2010)). Plaintiff does not discuss either of these elements. Plaintiff's reasons are mere opinions and do not meet the requisite level of specificity to establish either actual bias or reasonable bias under *Lagstein.*

### iv. Whether an Arbitrator Exceeds their Power

Last, Plaintiff argues the Court should vacate the award because the Arbitrator exceeded his powers under 9 U.S.C. § 10(a)(3). (Doc. 23 at 9). Arbitrators "exceed their powers" when the award is "completely irrational" or in "manifest disregard of the law." *Comedy Club*, 553 F.3d at 1288; *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 665 (9th Cir. 2012). Manifest disregard of the law means that "the arbitrators recognized the applicable law and then ignored it." *Luong v. Circuit City Stores, Inc.*, 368 F.3d 1109, 1112 (9th Cir.

2004). "These grounds afford an extremely limited review authority, a limitation that is designed to preserve due process but not to permit unnecessary public intrusion into private arbitration procedures." *Kyocera Corp.*, 341 F.3d at 997.

Plaintiff contends the Arbitrator disregarded the Federal Rules of Evidence because he refused all of her submitted exhibits but accepted the Defendant's even though "[D]efendant did not provide anything to prove its assertions." (Doc. 23 at 9). She further claims the Arbitrator misconstrued pertinent evidence when making the "untruthful" finding that no third party heard "Defendant's defamatory falsehood." (*Id*. at 8–9). Last, Plaintiff argues the Arbitrator refused to liberally construe her pleadings as a *pro se* plaintiff. (Doc. 17 at 4).

Plaintiff does not cite to any specific statutes, rules, or regulations that the Arbitrator supposedly disregarded, nor does she cite to any of the Arbitrator's findings of fact and conclusions of law to prove so. Plaintiff's blanket assertions that the Arbitrator did not apply the Federal Rule of Evidence or properly construe her claims liberally are insufficient to meet the extremely high burden to prove an arbitrator disregarded the law. *See Bosack*, 586 F.3d at 1104 ("Arbitrators are not required to set forth their reasoning supporting an award. An arbitrators' 'award may be made without explanation of their reasons and without a complete record of their proceedings.' 'If they choose not to do so, it is all but impossible to determine whether they acted with manifest disregard for the law.'") (citations omitted). Even if the Arbitrator failed to make an explicit finding, as Plaintiff argues, "this does not warrant vacatur." *Id*.

In sum, Plaintiff has not identified a limited circumstance under the FAA that authorizes the Court to vacate the Award. *See* 9 U.S.C. § 10(a)(1)–(4). Therefore, the Court must grant Defendant's Petition for Confirmation of Arbitration Award under 9 U.S.C. § 9. *See Stafford*, 855 F. App'x at 427.

**IV.   Conclusion**

First, the Court denies Plaintiff's Motion for Leave because her proposed sur-reply to Defendant's Motion to Dismiss is unnecessary, and she has had ample opportunities to

set forth her intended arguments in her Motion for Trial De Novo and Motion to Vacate Award.  Second, the Court grants Defendant's Motion to Dismiss because the Arbitration Agreement is valid and enforceable, thereby barring Plaintiff's defamation claim. Third, the Court denies Plaintiff's Motion for Trial De Novo and Motion to Vacate Award because Plaintiff has not shown any of the circumstances under 9 U.S.C. § 9 to warrant vacatur. Thus, the Court grants Defendant's Petition for Confirmation of Arbitration Award.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss and Petition for Confirmation of Arbitration Award (Doc. 11) is **GRANTED.**  Plaintiff's Amended Complaint (Doc. 8) is **DISMISSED** with prejudice. The Clerk of the Court is kindly directed to terminate this action.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Her Sur-reply (Doc. 25) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Trial de Novo (Doc. 15) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Vacate Arbitration Award (Doc. 17) is **DENIED**.

Dated this 23rd day of January, 2023.

Honorable Diane J. Humetewa
United States District Judge