**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Myrna de Jesus, | No. CV-22-00532-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| UnitedHealth Group, | |
| Defendant. | |

At issue is *pro se* Plaintiff Myrna de Jesus's ("Plaintiff") two Motions to Seal Case (Docs. 36 & 37). While the Court is sympathetic to Plaintiff's objective in attempting to seal her case, the Court denies both Motions.

**I.   Background**

Plaintiff brought a lawsuit against Defendant UnitedHealth Group ("UnitedHealth") alleging that she was defamed, slandered, and terminated in violated of Arizona defamation laws and Arizona breach of contract laws. (Doc. 8 at 8–9 & 16–22). In response, UnitedHealth filed a Motion to Dismiss and Petition for Confirmation of Arbitration Award. (Doc. 11). Therein, UnitedHealth argued that Plaintiff's claims were governed by the parties' Arbitration Agreement. (Doc. 11 at 1–2). Not only was there a controlling Arbitration Agreement, but the parties had already resolved the dispute in arbitration, UnitedHealth argued. (*Id.*) In responding to the Motion, Plaintiff contested the arbitration proceedings and stated she would like to vacate the arbitration award. (Doc. 16). Ultimately, the Court granted UnitedHealth's Motion to Dismiss and affirmed

the arbitration award in UnitedHealth's favor. (Doc. 31). Plaintiff appealed the Court's decision to affirm the arbitration award, and the Court was affirmed by the Ninth Circuit on November 21, 2024. (Doc. 35). Now, Plaintiff has filed two identical Motions to Seal Case. (Docs 36 & 37). For the reasons set forth below, the Court will deny both.

## II.     Legal Standard

The citizenry's right to inspect public records creates a "strong presumption" that documents filed with federal courts shall be open to the public. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal a judicial record must generally produce "compelling reasons" that the record ought to be kept secret. *Id.* at 1178–79. In order to satisfy the compelling reasons standard, a party must adduce specific facts demonstrating that the party's interest in privacy outweighs the strong public policy favoring disclosure. *Id.* Ordinarily, the compelling reasons standard is satisfied when a party establishes that a document has been submitted for an improper purpose, such as harassment. *Id.* "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

## III.    Discussion

According to Plaintiff, if the case remains unsealed, she will be at risk of identity theft because "court records containing sensitive personal data significantly increases the likelihood of identity theft or the unauthorized use of such information." (Doc. 36 at 2). She says that a leak of her personal information might "lead to additional reputational harm and emotional distress . . ." (*Id.*) Without specifying, Plaintiff attests that she has already been subject to "significant embarrassment and humiliation." (*Id.*) She is also concerned that information about the lawsuit is readily accessible to the public via an internet search. (*Id.*) Lastly, Plaintiff opines that sealing her case aligns well with federal privacy law. (*Id.* at 3).

The Court is not persuaded that compelling reasons exist to warrant the sealing of this case. Plaintiff's fear that some unspecified "personal data" may be exploited lacks

the specificity needed to outweigh the public's right to access court documents. Indeed, Plaintiff has not pointed to any specific facts or documents that have been submitted in this litigation for the improper purpose of harassing her. In fact, she has not pointed to anything that justifies sealing, and embarrassment cannot be standalone basis for granting her request. *Kamakana*, 447 F.3d at 1178. Typically, when a court is faced with a request like this, the court must evidence a factual basis for granting that request. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (articulating that the court is required to provide a factual basis for its decision without relying on "hypothesis or conjecture"). Here, Plaintiff relied on conclusory statements about her need for privacy and her fear of having her personal information stolen but never outlined for the Court what specific information she was referring to. Therefore, the Plaintiff's request is denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motions to Seal Case (Docs. 36 & 37) are **denied**.

Dated this 16th day of October, 2025.

Honorable Diane J. Humetewa
United States District Judge